# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                                 Case No. 14-CR-61

RANDY MCAFEE, et al.,

                Defendants.

## ORDER

Randy McAfee is again before this court asking to be released pending a final hearing on a petition to revoke his supervised release. The court ordered him detained following his initial appearance (ECF No. 269), a decision the court affirmed when he moved for release about two weeks later (ECF No. 275). The court subsequently denied a motion where he sought release in light of the pandemic. (ECF No. 287.)

Because McAfee is facing the revocation of his supervised release it is his burden to show "by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community …." Fed. R. Crim. P. 32.1(a)(6).

McAfee argues that the court should consider his detention because the petition for revocation contains misinformation. In certain respects, he is correct. But those

mistakes are not material. The petition states that police searched a residence on North 38th Street, where they found two firearms, ammunition, and various documents connected to McAfee. (ECF No. 261 at 1.) McAfee argues that the firearms belonged to his former girlfriend, and that evidence was actually recovered at a residence on North 42nd Street.  (ECF No. 302-3 at 4-6.)

He also attempts to minimize his connection to that residence, arguing, "Mr. McAfee's alleged 'identifiers,' consisting of mostly items addressed to Mr. McAfee, were not scattered throughout this residence. Instead, they were found in a red folder—in other words, the identifiers were recovered together." (ECF No. 302 at 3.)

Regardless of whether McAfee's former girlfriend owned the firearms, it remained material that McAfee apparently had access to the weapons. This inference is supported by the fact that two Quest cards in his name and his court documents were found in the same bedroom as one of the firearms. (ECF No. 302-3 at 5.) The "red folder" with additional documents belonging to him was found in the closet of that bedroom along with letters and other documents apparently related to McAfee's underlying federal case. (ECF No. 302-3 at 5.)

The revocation petition is also incorrect insofar as it can be read as suggesting that McAfee fled during the execution of a search warrant. The police reports regarding the execution of the search warrants that McAfee provided in support of his motion do

2

not contain any indication that McAfee fled (or was even present) during the execution of any warrant.

But the error isn't in whether McAfee allegedly fled but only whether he fled at the same time the search warrant was executed. In response to McAfee's motion the government has provided a copy of a state criminal complaint which alleges that on the same day investigators executed the search warrant on North 42nd Street they attempted to arrest McAfee as he left a residence on North 38th Street. They were thwarted when another vehicle, apparently doing counter-surveillance for McAfee, blocked officers' attempts. McAfee ran to this vehicle and then fled at a high rate of speed. (ECF No. 311-1 at 5.)

Notwithstanding the evidence that McAfee fled when officers attempted to arrest him, the court is not especially concerned that McAfee would attempt to flee. To his credit, McAfee appeared when released on bond in the underlying state case. The court's concerns relate to the danger that McAfee poses to the community.

This danger is somewhat mitigated by his proposal to live with his mother who, as a former Wisconsin probation and parole agent, would be in a better position than many parents to effectively supervise her son. Moreover, McAfee indicates that he has employment available should he be released.

However, because McAfee is on supervised release, the scale begins tipped in favor of detention. The facts that underlie the present petition add weight to the

detention side of the scale. After six years in federal prison for distributing heroin, it apparently took, at most, about a month for McAfee to resume selling opiates. One of those sales allegedly resulted in an overdose death. Law enforcement conducted three controlled buys with McAfee, each involving about 1 gram of heroin. When law enforcement attempted to arrest McAfee, he fled in a vehicle at a high rate of speed. And search warrants indicate that he had access to firearms.

McAfee has not shown by clear and convincing evidence that, if released, he would not pose a danger to any other person or to the community. Therefore, the court must deny his motion for release.

**IT IS THEREFORE ORDERED** that Randy McAfee's motion to reopen the detention hearing and for release on bond (ECF No. 302) is **denied**.

Dated at Milwaukee, Wisconsin this 28th day of December, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge